UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY J. PAWLIK,

          Plaintiff,

v.                                                Case No: 8:14-cv-483-36TGW

AMERILIFE GROUP, LLC, a Delaware
Corporation,

          Defendant.
_____/

**ORDER**

This cause comes before the Court on Plaintiff's Response to the Second Order to Show Cause (Doc. 57), which responded to this Court's expressed concerns regarding subject matter jurisdiction in this action.

*I.    Background*

Federal courts are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking. *Cadet v. Bulger,* 377 F.3d 1173, 1179 (11th Cir. 2004); *Univ. of South Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982).

On July 7, 2014, this court entered an Order directing Plaintiff to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction. *See* Doc. 44. Plaintiff responded to the show cause Order on July 21, 2014. *See* Docs. 46-48. In his response, Plaintiff argued that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332

because the parties are citizens of different states and the amount in controversy exceeds $75,000. Individuals are only citizens of the state in which they are domiciled, and have only one domicile for purposes of 28 U.S.C. § 1332. *Molinos Valle Del Cibao, C. por A. v. Lama,* 633 F.3d 1330, 1346 (11th Cir. 2011). "'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another. For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48 (1989) (citations omitted). "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Molinos*, 633 F.3d at 1342, n.12 (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). For purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP. L.P. v. Comcast SCH Holdings. L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004). Plaintiff successfully established his own citizenship (in the state of Minnesota) but failed to establish the Defendant's citizenship.

While the Court recognized that Plaintiff made significant efforts to ascertain the members of the defendant limited liability company, the information was solely within the province of Defendant and Defendant's counsel refused to reveal the information informally. *See* Doc. 47. Accordingly, on July 22, 2014 this Court issued a Second Order to Show Cause giving Plaintiff sixty days to conduct discovery regarding the citizenship of the Defendant and file an additional response to the Order to Show Cause. *See* Doc. 50. Plaintiff timely responded to that Order on September 22, 2014 but, still, Defendant's citizenship has not been established. *See* Doc. 57.

## II.     *Discussion*

As previously noted, Plaintiff is a citizen of the state of Minnesota. "Where jurisdiction is predicated on diversity of citizenship, all plaintiffs must be diverse from all defendants." *University of S. Alabama v. American Tobacco Co.,* 168 F.3d 405, 412 (11th Cir. 1999). Thus, Plaintiff served Defendant with interrogatories asking, *inter alia*, that Defendant "[i]dentify the members of AmeriLife Group's members who are citizens of the state of Minnesota." Doc. 58 at p. 17. Defendant responded as follows:

> ALG objects to this interrogatory to the extent it calls for or requires a legal conclusion. Subject to this objection, as previously disclosed in the Defendant's Response to the Plaintiff's First Set of Interrogatories, AmeriLife Group, LLC has three (3) members: AmeriLife Group Holdings, LLC, Tim North Holdings, LLC and Management Interests, LLC. AmeriLife Group Holdings, LLC has nine (9) members, one of which is Reservoir Capital Partners, L.P., a Delaware limited partnership. The sole limited partner of Reservoir Capital Partners, L.P. is Reservoir Capital Partners (Cayman), L.P., a Cayman Islands exempted limited partnership. One of the limited partners of Reservoir Capital Partners (Cayman), L.P. is the Richard M. Schulze Revocable Trust U/A 6/14/01 (the "Trust"). In documents executed by Richard M. Schulze and provided in connection with the Trust's investment, the following information is reflected:
>
> (1) On January 17, 2013 Mr. Schulze executed a W-9 in which he disclosed his address as Minneapolis, Minnesota;
>
> (2) In September 2005, Mr. Schulze identified Minneapolis, Minnesota as the Trust's principal place of business in the Subscription Agreement executed in conjunction with the Trust's investment;
>
> (3) In the Subscription Agreement referenced above, Mr. Schulze is reflected as a trustee and a beneficiary of the Trust;
>
> (4) In documents provided to Reservoir Capital Partners (Cayman), L.P., Elliot S. Kaplan is identified as a co-trustee of the Trust.

*Id.* Based on the above information, it appears that diversity jurisdiction does not exist here. However, Plaintiff claims that Richard M. Schulze is a citizen of Florida and that the citizenship of the Trust itself is not relevant. *See* Doc. 57 at p. 4.

3

When an LLC's members are, in turn, unincorporated artificial entities, the members of each of those entities must be examined until the court reaches a corporation or natural person. *See, e.g., Cherry Group, LLC v. D.B. Zwirn Special Opportunities Fund, L.P.,* Case No. 3:08-cv-222-J-34TEM, 2014 U.S. Dist. LEXIS 83633, 6-7 (M.D. Fla. June 19, 2014). Here, the final unincorporated artificial entity we reach is the Trust. "'[T]he citizenship of trust fund members is determinative of the existence of diversity of citizenship'" and a business trust is "'a citizen of each state in which one of its shareholders is a citizen.'" *JPMCC 2005-CIBC13 Collins Lodging, LLC v. Philips South Beach, LLC*, Case No. 10-20636-CIV-ALTONAGA/Brown, 2010 U.S. Dist. LEXIS 112607, 11 (S.D. Fla. Oct. 22, 2010) (quoting *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 292 F.3d 1334, 1339 (11th Cir. 2002).

According to the exhibits submitted by Plaintiff, the Trust at issue here appears to have two members: Richard M. Schulze and Elliot S. Kaplan. *See* Doc. 57. Thus, ultimately, it is the citizenship of these two natural persons that must be determined. Plaintiff has not provided sufficient evidence to determine the citizenship of either of these individuals. Plaintiff has cited to various websites indicating that Schulze is a Florida resident, but residency is not determinative. Plaintiff also asserts that Schulze must be a Florida citizen because his trust owns homestead property in Florida – but cites no authority to support such an assertion. None of these asserted "facts" establish Schulze's citizenship. And even if they did, Plaintiff would still be required to establish Kaplan's citizenship which he has not even attempted to do. Finally, based on this record, it cannot even be determined whether Schulze and Kaplan are the only members of the Trust.

The burden to establish diversity of citizenship is on the party asserting subject matter jurisdiction. *Rolling Greens*, 374 F.3d at 1022. Here, that party is the Plaintiff and, despite being given ample opportunity to conduct discovery, Plaintiff has failed to meet that burden. Therefore,

this Court cannot exercise jurisdiction over this case. *See Cherry Group, LLC*, 2014 U.S. Dist. LEXIS 83633 at 6-7 (citing *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1092 (11th Cir. 2010)).

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that this case is dismissed, without prejudice to being refiled in an appropriate state court, for lack of subject matter jurisdiction. The Clerk is directed to terminate all pending motions and deadlines, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on September 24, 2014.

Charlene Edwards Honeywell
United States District Judge

**Copies furnished to:**
Counsel of Record
Unrepresented Parties